IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVETA VANA | § | |
| | § | C.A. NO. _____ |
| v. | § | |
| | § | JURY DEMANDED |
| JACOBS ENGINEERING GROUP INC. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE COURT:

DAVETA VANA ("Vana"), Plaintiff, in the above captioned case, files this Original Complaint against the Defendant, JACOBS ENGINEERING GROUP INC. ("Jacobs"). In support, Vana would show the Court as follows:

### PARTIES

1.  Plaintiff, Vana is an individual residing in Harris County, Texas.

2.  Defendant JACOBS ENGINEERING GROUP INC. is Delaware Corporation doing business in the state of Texas and may be served with process by serving its registered agent: CT CORPORATION SYSTEM at 350 N. ST. PAUL ST.STE. 2900, DALLAS, TX 75201-4234.

### JURISDICTION AND VENUE

3.  Venue is proper in this Court as all or a substantial part of the events giving rise to this Declaratory Judgment Action and request for relief occurred in Houston, Harris County, Texas. Jurisdiction is proper as a result of complete diversity of citizenship. The amount in controversy exceeds $75,000.00. Therefore, jurisdiction exists pursuant to 28 U.S.C. §1332(a).

## FACTS

4. Vana was hired by Jacobs in 2002. After holding several positions, Vana worked in the Q.C. Department. While working in the Q.C. Department, Vana worked her way up to Procurement and Q.C. Tech Supervisor.

5. Vana supervised numerous employees and technicians. However, Vana was never paid as a supervisor. All of the other supervisors in Vana's department were men. These men were all paid substantially more than Vana. These men included Dwayne Rankin, David Traffanstead, Mark Hocher, and Bobby Phillips.

6. At Jacobs, during the time of Vana's employment, supervisors were level six or higher. Employees at level six and above were considered supervisors and were paid more than employees at levels 1 through 5. Only employees at level six and above could supervise employees. Vana was never promoted above level five even though she was supervising numerous employees and technicians.

7. Vana made numerous requests to be paid equally to the men similarly situated. Vana's supervisors promised Vana she would be upgraded to a supervisory level and paid as a supervisor. This never happened. Instead she was paid as a non-supervisor even though she was working as a supervisor. The men in her department performing similar duties were paid as supervisors and were paid substantially more than Vana.

8. Additionally, when positions for director and manager became available in her department, Vana was not considered for the promotions, was not allowed to apply for the promotions, and was never considered for these promotions. Instead these jobs were given to men.

9. Vana repeatedly asked to be paid the same as the men in her department with the same responsibilities. Vana was not paid the same as the men and eventually she was terminated.

When she was terminated, Vana was told she was "too dangerous". Vana's wrongful termination came as a result of her repeated requests for equal pay and as a result of her gender. She was told that her termination was related to her expense reports. However, the expense reports were already authorized by Jacobs and similarly situated men submitted the same type of expense reports.

10. The real reason for her termination related to her unequal pay and Jacob's discrimination based on her gender.

11. Vana timely filed a complaint with the EEOC and the Texas Workforce Commission. This lawsuit is filed pursuant to a right to sue letter issued by the EEOC.

## CAUSE OF ACTION 1 - UNEQUAL PAY ACT

12. Vana repeats and realleges each of the preceding paragraphs of this Complaint as if they were set forth fully here.

13. Vana was paid less than employees of the opposite sex for work which required equal skill, effort, and responsibility in its performance, and which was performed under similar working conditions. Specifically, Vana was paid less than Dwayne Rankin, David Traffanstead, Mark Hocher, and Bobby Phillips. All of these men were performing work with equal skill, effort, and responsibility in its performance and was performed under similar working conditions.

14. Jacobs actions in this case violated the Equal Pay Act and caused Vana damages.

## CAUSE OF ACTION 2 - TITLE VII

15. Vana repeats and realleges each of the preceding paragraphs of this Complaint as if they were set forth fully here.

16. Vana was a woman, she asked for and was qualified for raises and promotions, despite her qualifications she was denied raises and promotions, and at time she was denied

additional compensation the pay of male employees in same position was higher than what she received.

17. Vana was paid differently for performing work of men with substantially equal skill, effort and responsibility, under similar working conditions. Jacobs actions in this case violated Title VII of the Civil Rights Act of 1964 and caused Vana damages.

## CAUSE OF ACTION 3 - DISCRIMINATION UNDER 42 U.S.C.A. § 2000e

18. Vana repeats and realleges each of the preceding paragraphs of this Complaint as if they were set forth fully here.

19. Title VII, 42 U.S.C.A. § 2000e prohibits discrimination against a person in the terms, conditions, or privileges of employment, or discharge from employment, on the basis of sex. The discriminatory effects, as applied, of Title VII, 42 U.S.C.A. § 2000e, deprived Vana of her rights and caused her to suffer an adverse employment impact based on her sex. The adverse employment impact of the policies, practices and customs of Jacob cannot be justified.

20. Jacobs' use of the discriminatory employment practice and wrongful termination described above constitutes a violation of 42 U.S.C.A. § 2000e, and has aggrieved and injured Vana by denying her the equal employment opportunities that ensure workplace equality.

21. As a direct and proximate result of Jacobs' conduct, Vana has suffered damages, including economic loss, in an amount to be proved at trial.

22. In doing the things alleged in this Complaint, Jacobs' conduct was despicable, and Jacobs acted toward Vana with malice, oppression, fraud, and with a willful and conscious disregard of her rights, entitling Vana to an award of punitive damages.

## CAUSE OF ACTION 4 - WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

23.     Vana repeats and realleges each of the preceding paragraphs of this Complaint as if they were set forth fully here.

24.     Vana was wrongfully discharged in violation of public policy under the Texas Constitution's prohibition against employment discrimination based in gender. Under Texas law, no employee can be terminated for a reason that is in violation of fundamental public policy. Texas courts have interpreted a fundamental public policy to be any constitutional or statutory provision that is concerned with a matter effecting society at large rather than a purely personal or proprietary interest of the employee or the employer.

25.     Vana is informed, believes, and on that basis alleges that Jacobs terminated Vana in violation of public policy by discriminating against Vana based upon her gender as described in this Complaint. As a direct, foreseeable, and proximate result of Jacobs' actions, Vana has suffered, and continues to suffer, severe emotional distress and substantial economic loss in the form of salary and other employment benefits that she would have received from Jacobs, plus expenses incurred in obtaining substitute employment and not being regularly employed, as well as other financial loss, all to Vana's damage in a sum to be ascertained according to proof at trial.

## DAMAGES

26.     Vana repeats and realleges each of the preceding paragraphs of this Complaint as if they were set forth fully here.

27.     In addition to the damages set forth above, Vana suffered actual damages, economic damages, financial loss, loss of pay lost wages, unequal pay, exemplary damages, attorney's fees, and other damages to be ascertained according to proof at trial.

**PRAYER**

28. WHEREFORE, Vana makes the following demand:

1) For all damages associated with Jacobs' failure to equally pay Vana;

2) For general damages according to proof at trial;

3) For special damages according to proof at trial;

4) For all unpaid wages under and all available statutory penalties;

5) That Vana have and recover a judgment against Jacobs for punitive damages in an amount to be determined at trial sufficient to punish, penalize and/or deter Jacobs;

6) For costs incurred by Vana, including reasonable attorneys' fees and costs of suit;

7) For interest at the prevailing legal rate, including prejudgment and postjudgment interest;

8) For such other and further relief as the court deems just and proper.

Respectfully submitted,

BURCK, LAPIDUS, JACKSON & CHASE, P.C.

By: _/s/ H. Mark Burck_
    H. Mark Burck
    TBN:  03362700
    Federal ID No. 7423
    Daniel R. Dutko
    TBN:  24054206
    Burck, Lapidus, Jackson & Chase, P.C.
    5177 Richmond Avenue, Suite 850
    Houston, TX   77056
    Telephone:  713/400-6000
    Telefax:  713/622-8054
    E-Mail:  mburck@bljc-law.com